19-0765-cr
*United States v. Farnum*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>  *Appellee*,

> v.                                                                          19-0765-cr

PETER W. FARNUM,

>  *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | William T. Easton and Brian Shiffrin, Easton Thompson Kasperek Shiffrin LLP, Rochester, New York |
| For Appellee: | Wayne A. Myers and Paul D. Silver, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, New York |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Peter W. Farnum ("Farnum") appeals from a judgment entered on March 14, 2019, following a jury trial, sentencing him principally to 87 months' imprisonment for a conviction on one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*       *       *

On appeal, Farnum challenges the sufficiency of the evidence underlying his conviction, as well as the district court's application of two sentencing enhancements under the United States Sentencing Guidelines. None of these arguments has merit.

We first address Farnum's claim that the district court erred in denying his motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a) on the basis that the trial evidence was insufficient to support the jury's finding that he knowingly possessed images of child pornography. We review such claims *de novo*, crediting "every inference that could have been drawn in the government's favor," *United States v. Applins*, 637 F.3d 59, 76 (2d Cir. 2011), "view[ing] the evidence as a whole," *id.*, and upholding the conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Relying in part on the jury's determination that the government did not prove beyond a reasonable doubt that the offense involved images of prepubescent minors or minors under the age of twelve under 18 U.S.C. § 2252A(b)(2), Farnum

2

argues that the government failed to prove that he had knowing possession of files located in the hidden RealPlayer directory of the computer he shared with his wife, Courtney Seymour ("Seymour"); that he accessed such files in the time period covered by the indictment; that he knowingly possessed files located in unallocated spaces of the computer's hard drive; and that Farnum, rather than Seymour, was the one who accessed child pornography on the computer.

We are unpersuaded. The record is replete with evidence within the indictment period of temporal proximity between the creation of child pornography files on the computer and computer usage that the jury could have inferred was attributable to Farnum. Among numerous other examples, FBI computer scientist Roderick Link ("Link") testified that image files of child pornography were created on the computer while Seymour was hospitalized after the birth of her son; at a time when text message evidence indicated that Seymour was at work; seven minutes after the computer user conducted a search using technical terminology related to Farnum's employment which Farnum's supervisor testified he had asked Farnum to research; and six minutes after a computer game was saved on the computer—a computer usage to which Farnum admitted on cross-examination. Moreover, the jury was entitled to credit Seymour's testimony that she did not possess the child pornography, and to discredit Farnum's testimony as to the same. The government also introduced evidence that thousands of files were manually deleted from the RealPlayer folder, supporting the inference that a user of the computer was aware of the presence of RealPlayer files and weighing against the defense theory that child pornography was planted on the computer to frame Farnum. Viewed together with Seymour's testimony and the government's attribution evidence, as well as Link's testimony that files located in unallocated hard drive space and in the RealPlayer directory are not initially created in those spaces, but remain there after being deleted from elsewhere on the device, the evidence of child pornography located

3

in those spaces was sufficient to support the jury's verdict. This case is therefore distinct from those relied upon by Farnum, where the government failed to introduce sufficient evidence of dominion and control over a shared computer or over automatically generated files. *See, e.g.*, *United States v. Lowe*, 795 F.3d 519 (6th Cir. 2015); *United States v. Kuchinski*, 469 F.3d 853 (9th Cir. 2006). Farnum has thus failed to meet the heavy burden of demonstrating that the district court erred in denying his Rule 29(a) motion.

Farnum's challenges to two sentencing enhancements applied by the district court fare no better. "[W]e review the district court's interpretation of the Guidelines *de novo,* and its findings of fact relevant to the Guidelines application for clear error." *United States v. Broxmeyer*, 699 F.3d 265, 281 (2d Cir. 2012). Farnum first argues that the district court erred in applying a four-level offense level increase under U.S.S.G. § 2G2.2(b)(4) for an offense involving material that portrays "sadistic or masochistic conduct or other depictions of violence." According to Farnum, the jury's response to the special interrogatory regarding images of prepubescent minors or minors under the age of twelve precluded the district court from relying on images of minors under twelve in applying the § 2G2.2(b)(4) enhancement. Because the sole image cited in the Presentence Investigation Report ("PSR") in support of the application of the enhancement was an image involving an eight- to ten-year-old female, Farnum concludes that the court had no factual basis for applying the enhancement. Farnum further contends that the court could not rely upon the image in question because the image was found in a folder titled "Rec," which was created by recovery software on April 14, 2016—a date on which Seymour had exclusive control of their shared computer.

We conclude that the district court did not clearly err in applying the sentencing enhancement for sadistic or masochistic conduct. The jury's indication on a special verdict form

4

that the government had not shown, beyond a reasonable doubt, that the offense involved images of prepubescent minors did not bar the district court from concluding, by a preponderance of the evidence, that Farnum possessed an image that fell into that category for purposes of the application of a distinct sentencing enhancement. *See United States v. Vaughn*, 430 F.3d 518, 526–27 (2d Cir. 2005) (holding that *United States v. Watts*, 519 U.S. 148 (1997), remains valid following *United States v. Booker*, 543 U.S. 220 (2005), and therefore reaffirming that "district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct"). Contrary to Farnum's contention, the district court's fact-finding in this case did not run counter to *Alleyne v. United States*, 570 U.S. 99 (2013), or *United States v. Haymond*, 139 S. Ct. 2369 (2019), because the § 2G2.2(b)(4) enhancement—unlike the 18 U.S.C. § 2252A(b)(2) enhancement, which was properly submitted to the jury—does not alter the statutory minimum or maximum penalty for Farnum's offense. *See Alleyne*, 570 U.S. at 103; *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring in the judgment). The court was therefore free to determine that the enhancement applied under the lower preponderance-of-the-evidence standard—which was readily satisfied by the abundant trial evidence supporting a finding that Farnum possessed images that depicted sadistic or masochistic conduct against young children.

Farnum's theory that the image referenced in the PSR was not attributable to him because it was located in the "Rec" folder is likewise unavailing. The attribution evidence introduced at trial and discussed above permitted the district court to conclude, by a preponderance of the evidence, that images in the "Rec" folder were originally downloaded by Farnum and recovered at a later date. Moreover, the PSR referenced the image in question only by way of "example," PSR ¶ 27, and other images not contained in the "Rec" folder also supported the application of the

5

enhancement.    Accordingly, the district court properly applied the § 2G2.2(b)(4) enhancement in calculating Farnum's Guidelines range.

For substantially the same reasons, there is also no merit to Farnum's contention that the district court clearly erred in applying a five-level offense level increase under U.S.S.G. § 2G2.2(b)(7)(D) for an offense involving 600 or more images.[1]    Notwithstanding the jury's indication on the special verdict form that the government had not shown beyond a reasonable doubt that Farnum had possessed all the images referenced at trial, the court properly concluded by a preponderance of the evidence that he possessed more than 600 images, given that Link found more than 1,500 images of child pornography on Farnum's computer.    Farnum has therefore not demonstrated that the district court clearly erred in applying the enhancement.

We have considered Farnum's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]  Because we conclude that the district court committed no clear error, we need not address the government's contention that the more deferential plain error standard of review applies.